**Raul MADRIGAL PEDROZA and Maria Julian Eutimio, Petitioners,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 04–71002.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 11, 2005.

Raul Madrigal Pedroza, Santa Ana, CA, pro se.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Cindy S. Ferrier, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM ***

Raul Madrigal Pedroza and Maria Julian Eutimio, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of their motion to reopen proceedings following an in absentia order of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), we grant the petition for review and remand for further proceedings.

The IJ abused his discretion by concluding that Petitioners had not established the "exceptional circumstances" required to reopen an in absentia order of removal. The affidavits submitted by the Petitioners, along with the note from the pediatrics clinic, were sufficient to demonstrate that the Petitioner's young child was seriously ill on the morning of their hearing. *See* 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances as including

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"serious illness of the ... child ... of the alien").

The IJ also abused his discretion by finding that Petitioners failed to establish prima facie eligibility for cancellation of removal because the documents they submitted were insufficient to establish ten years of continuous physical presence. The IJ "is required to accept the facts stated in the [supporting] affidavit[s] as true, unless they are inherently unbelievable." *See Ordonez v. INS*, 345 F.3d 777, 786 (9th Cir.2003). The documents and affidavits submitted, when taken as true, establish that the Petitioners have been physically present for ten years. As such, the Petitioners have provided a prima facie showing as to the physical presence requirement for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A).

PETITION FOR REVIEW GRANTED; REMANDED.